JONES *v.* MERCHANTS' NAT. BANK.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

JUDGMENT—RESETTLEMENT OF—POWER OF COURT.
  In replevin it was stipulated that plaintiff should have judgment for the return of the property, and that, if the parties could not agree on the value of the property to be inserted in the judgment, evidence should be taken before the judge before entering judgment. Afterwards the special term made an order correcting the minutes of the circuit court by changing the verdict, which had been incorrectly recorded. This order was reversed by the general term, but, prior to the reversal, the clerk had complied with the order. Subsequently the circuit court made an order directing that the minutes should stand as corrected, and the special term at chambers made an order resettling the judgment, and directing the clerk to enter up judgment *nunc pro tunc*, in accordance with the corrected minutes. *Held*, that the court had power to enter the orders.

Appeals from special term and circuit court, New York county.

This action was brought by Winston Jones, as assignee of the Bank of Mobile, against the Merchants' National Bank of the City of New York, to recover a sum of money, balance of a deposit with defendant, and possession of certain bonds and coupons. The court directed the verdict for the plaintiff, which is set forth in the opinion. It was thereupon orally stipulated, in open court, that the form of the judgment should be settled by the court, January 20th; the parties in the mean time to agree, if possible, as to the figures to be inserted in the judgment, reciting the sums of money to be recovered by the plaintiff. The parties not agreeing as to the figures, on January 20th the matter was adjourned to the 25th, and, upon the evidence then offered by the plaintiff, the judge made and signed an order for judgment. Upon the de-

fendant's motion, granted in part and denied ·in part, the special. term subsequently made an order vacating and resettling the judgment, and requiring a correction of the minutes at the.circuit of the verdict there rendered; the court finding that the verdict was not correctly recorded.   Upon defendant's appeal from that order, it was reversed by the general term.   Prior to the reversal of this order, the clerk of the court had complied with its directions, and made up the judgment roll anew, and entered the judgment *nunc pro tunc* as of its original date, and the clerk at circuit had corrected the minutes of the verdict on his books.   To authorize and ratify the acts thus done, under the order which was reversed because not made by the proper tribunal, the orders now appealed from were made on motion.   The circuit court (the same justice sitting as at the trial of the action) made an order, reciting the prior proceedings, ratifying and approving the acts of the clerk at circuit in correcting the minutes, as provided by the previous order of the special term, and directing that his minute of the verdict "remain and be the minute of the said verdict rendered by the direction of this [the circuit] court on the trial of the issues in this action; it now appearing to the court that the same is in all respects a correct minute of said verdict.."   After the entry of this order of the circuit court, an order was made by the special term, at chambers, reciting the prior proceedings, and the last order at circuit, and opening and vacating the judgment theretofore entered, resettling that judgment, and directing the clerk of the court to make up the judgment roll as prescribed by the order at circuit, and to re-enter the judgment *nunc pro tunc*, as of the original date.   The defendant appealed from these two orders.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.

*John E. Burrill*, for appellant.   *Burton N. Harrison*, for respondent.

PER CURIAM.   This was a replevin suit, in which, at the conclusion of a trial at the circuit, the court directed the jury to find a verdict for the plaintiff. The direction of the court as to the verdict which the jury should render, as taken down by the stenographer, was as follows:   "*First*, that the plaintiff have the securities now deposited with the defendant returned to him, the defendant having no lien thereon; *second*, that the plaintiff have the balance of money in the hands of the defendant returned to him, there being no lien thereon."   It is obvious that the verdict in this form was irregular, in that it did not fix the money value, at the time of the trial, of the securities to be returned to the plaintiff, or the exact amount of the money in the hands of the defendant, which was also to be returned to him.   Both parties agree that a stipulation was made relative to subsequently fixing the precise amount of the plaintiff's recovery, but they differ radically as to what that stipulation was.   The counsel for defendant assert that the only stipulation of which they had any knowledge was an agreement, after the verdict was directed, "that the interest of the several items of said account, (between the two banks,) and said payments and credits, should be computed by the court, unless the counsel could agree upon the same," and that the form of the judgment should be settled at a future date.   On the other hand, according to the counsel for the plaintiff, the stipulation was that counsel should "agree between themselves as to the figures which it should be necessary to insert in the judgment, if. there should be a verdict for the plaintiff, or the evidence should be taken before the judge without the jury, before entering the judgment."   The corrections made by means of the two orders appealed from must be based upon the conclusion that the plaintiffs are right in their statement of the terms of the stipulation.   The evidence as to what those terms were is conflicting, and we are not disposed to interfere with the finding of the trial judge on this question.   The defendant's version would make the direction of the verdict practically ineffectual and useless to the plaintiff, in whose favor it was given, and it is hardly to be supposed that the parties

entered into a stipulation which both must have known would lead to this result. Assuming that such a stipulation was made as the respondent contends, we think the court possessed the power to give it force and effect by the orders under review. Indeed, the appellant concedes that all stipulations, however made, should be carried out, and their provisions enforced. The orders appealed from must be affirmed, with costs.